JOHN F. BURCH v. HOY & ELZY COMPANY AND OTHERS.[1]

December 31, 1915.

Nos. 19,500—(160).

**Negligence — proximate cause — evidence.**

1. The evidence in this case was sufficient to justify the jury in finding that the negligence of defendant was the proximate cause of the injuries to plaintiff.

**Evidence of custom.**

2. There was no error in receiving certain evidence tending to show a custom.

**Charge to jury.**

3. A claim of error in giving an instruction on the subject of an allowance of damages for future disability or suffering, on the ground that there was no evidence to support any such allowance, *held* not well taken.

**Damages.**

4. The damages are not excessive.

Action in the district court for Ramsey county against Hoy & Elzy Company, James Reid and Frank Campbell, to recover $8,000 for personal injury received while in the employ of defendant company and $100 for medical expenses. The answer specifically denied that the injury was caused by any negligence of defendants, but alleged that the physical conditions surrounding the work performed by plaintiff were observable and known to him, and that he knew and appreciated the danger of being injured in the manner in which the accident occurred. The case was tried before Brill, J., who at the close of plaintiff's case denied defendant's motion for a dismissal of the action and at the close of the testimony granted the motion of defendant Campbell to dismiss the action as to him, and a jury which returned a verdict for $4,966. Defendants' motion for judgment notwithstanding the verdict was denied and their motion for a new trial was granted, unless plaintiff consented to a reduction of the verdict to $4,000. From the order denying the

1 Reported in 155 N. W. 767.

Note.—For annotations on various phases of master's duty as to scaffolds used by servants, see 54 L.R.A. 77, 142, 170; 22 L.R.A.(N.S.) 952; and 28 L.R.A.(N.S.) 586.

motion for judgment notwithstanding the verdict and granting a new trial, if plaintiff did not consent to the reduction named, defendants appealed. Affirmed.

*Barrows, Stewart & Ordway,* for appellants.

*Wickersham & Churchill,* for respondent.

BUNN, J.

Plaintiff recovered a verdict of $4,966. Judgment for defendant notwithstanding the verdict was denied, and a new trial was denied on condition that plaintiff consent to a reduction of the verdict to $4,000. Plaintiff consented to this reduction, and defendants appealed from the order denying its alternative motion.

Plaintiff was a bricklayer employed by defendant in the construction of a building in St. Paul. He was injured by the collapse of a scaffold upon which he was working. This scaffold was a completed appliance furnished by defendant, and plaintiff had nothing to do with its construction. The portion of the scaffold upon which plaintiff was working was what is called a "pudlock" scaffold, constructed in this way: An upright 2x6 was placed near the wall of the building, and another one some six feet from the wall; a 2x6 or 2x8 cross piece or "pudlock" was nailed to the two uprights at the height desired, and planks were laid parallel with the wall, one end resting on the pudlock, and the other on another pudlock, or on horses. Plaintiff and five or six other bricklayers, with their mortar boards and brick, were upon this pudlock scaffold when it suddenly collapsed; plaintiff fell with it to the ground and sustained the injuries for which he seeks compensation in this action.

Plaintiff expressly disclaimed reliance upon the rule of *res ipsa loquitur,* and charged that the scaffold fell because of negligence in its construction, and because it was overloaded. The evidence showed with little dispute that the cross piece or pudlock was nailed to each upright with but three nails, and that no cleats were placed under the pudlock. There was evidence tending to show that the number of nails used was insufficient; that it was customary to place cleats under the cross pieces on this kind of a scaffold; that their use adds strength to the scaffold. Defendant does not claim that there was not sufficient evidence of negligence, but he contends that plaintiff failed to prove that the scaffold fell

because of this negligence. It is also urged as ground for a new trial that it was error to admit evidence of the custom to use cleats, that there was an error in the charge, and that the damages are excessive.

1. We are clear that there was sufficient proof of causal connection between defendants' negligence and the fall of the scaffold. It is quite clear that, as constructed, the scaffold was not strong enough to support the weight of men, brick and mortar, that it carried. It collapsed straight down, and the evidence indicated no cause other than the negligent construction and overloading. The evidence was sufficient, in our judgment, to take the case out of the realm of conjecture and speculation, and warrant the inference that the negligence charged and proved was the proximate cause of the accident. It furnished the jury a reasonable basis for concluding that the nails fastening the pudlocks to the uprights pulled out, and that this was what caused the scaffold to fall.

2. The contention that it was error to receive evidence of the custom of using cleats is based solely on the proposition that it did not appear, either when the evidence was admitted or at the close of plaintiff's case, when a motion to strike out this evidence was denied, that there was any causal connection between the absence of cleats and the fall of the scaffold. Of course it was not error to receive the evidence, even if it did not appear at the time what caused the scaffold to fall, providing the subsequent testimony made this appear. The evidence as it stood at the close of plaintiff's case was sufficient to make material the evidence of custom, and hence there is no merit to the claim of error in admitting this evidence.

3. Defendant excepted to and assigns as error an admittedly correct instruction on the subject of the allowance of damages for future disability, pain or suffering, on the ground that there was no evidence that there would be any disability, pain or suffering in the future. We are not impressed with the idea that such an instruction would be prejudicial, even though there was no evidence to show that plaintiff had not completely recovered at the time of the trial. But the testimony of plaintiff was to the effect that his injuries still interfered somewhat with his ability to work as a bricklayer, and still caused pain, and defendants' expert physician was inclined to agree that a stiff finger on plaintiff's right hand might interfere somewhat with his work. We think there

was evidence which justified the court in submitting the question of an allowance for future disability and pain to the jury.

4. The damages as reduced by the trial court do not appear so excessive as to warrant a new trial or further reduction. Plaintiff was unable to work for a year after the accident, and for only half time the next year. He lost in wages over $2,000. We are unable to say that an allowance of less than $2,000 for past suffering and future disability and suffering shows passion and prejudice.

Order affirmed.